UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FREEDOM WATCH, INC.,

      Plaintiff,

v.                                  Case No. 5:13-cv-419-Oc-22PRL

U.S. DEPARTMENT OF STATE and
U.S. DEPARTMENT OF THE
TREASURY,

      Defendants.
_____/

## DEFENDANT UNITED STATES DEPARTMENT OF THE TREASURY'S MOTION TO DISMISS

Defendant, UNITED STATES DEPARTMENT OF THE TREASURY, through its counsel, the United States Attorney, Middle District of Florida, pursuant to Fed. R. Civ. P. 12(b)(1), moves this Court to dismiss the Plaintiff's Complaint (Doc. 1) ("Complaint"). In support thereof, Defendant states as follows:

1. Defendant, the United States Department of the Treasury ("Treasury Department"), is an agency in the executive branch of the United States Government. As such, it is required to comply with the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a).

2. Plaintiff Freedom Watch submitted a FOIA request to Defendant on May 21, 2013. In pertinent part, the request sought "[a]ny and all documents that refer or relate in any way to the final decisions to grant waivers to all countries and other interests doing business with the Islamic Republic of Iran pursuant to the

Comprehensive Iran Sanctions, Accountability, and Divestment Act, 22 U.S.C. 8501 et seq. or Executive Order 13553."

3. On September 9, 2013, five days after Plaintiff initiated this lawsuit but prior to service of process on Defendant, the Treasury Department informed Plaintiff that it had no responsive records to Plaintiff's FOIA request. The Treasury Department specifically informed Plaintiff that it was unable to "locate or identify any responsive records." *See* Attachment C to Exhibit 1.

4. Because the Treasury Department has finalized its response to Plaintiff's FOIA request and because it has not unlawfully withheld any documents, Plaintiff's claim seeking an order instructing the Defendant to "conduct expedited searches [and] expeditiously produce . . . any and all non-exempt records" is moot. As such, this Court lacks subject-matter jurisdiction to hear the claim and it should be dismissed. Fed. R. Civ. Pro. 12(b)(1).

## **MEMORANDUM OF LAW**

It is an axiomatic principle that a federal court has jurisdiction only over live "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). Absent a live case or controversy, the court must dismiss the complaint for lack of jurisdiction. *Id.* To satisfy the case or controversy requirement, a plaintiff "must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). Even if a suit presented a live controversy when filed, if subsequent events occur that deprive a court of the ability to provide the plaintiff with meaningful relief, then the case is moot and must be dismissed

for lack of jurisdiction. *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1281-82 (11th Cir. 2004).

In the FOIA context, "once all requested records are surrendered," the controversy disappears and "federal courts have no further statutory function to perform." *McKinley v. FDIC*, 756 F. Supp. 2d 105, 110 (D.D.C. 2010). Put another way, in a FOIA lawsuit, the court can grant a requester relief only when an agency has improperly withheld agency records. *See* 5 U.S.C. § 552(a)(4)(B) (2006); *see also Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (explaining that "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'records'" and that consequently "[j]udicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation"). Therefore, if during litigation it is determined that all documents responsive to the underlying FOIA request have been released in full to the requester, courts generally dismiss the suit as moot because there is no justiciable case or controversy. *See, e.g., Brown v. DOJ,* 169 F. App'x 537, 540 (11th Cir. 2006) (per curiam) (holding that FOIA claim became moot when documents were released).

In the present litigation, there is no live case or controversy with respect to Defendant United States Department of Treasury ("Treasury Department"). Specifically, the Treasury Department has already completed its response to Plaintiff's FOIA request and has been "unable to locate or identify any responsive records." *See* Attachment C

to Declaration of Marshall H. Fields, Jr. ("Declaration"), Exhibit 1.[1] Because it has completed its response to Plaintiff's FOIA request, and because the Treasury Department is not withholding any documents, Plaintiff's claim is moot.

As described in more detail in the declaration of Marshall H. Fields, Jr.,[2] the Assistant Director of the Information Disclosure and Records Division, Office of Foreign Assets Control (OFAC), the Treasury Department received Plaintiff's FOIA request on May 21, 2013. Exhibit 1 at 6. Since the FOIA request sought records related to Iranian sanctions, the Treasury Department assigned the request to OFAC – the office most knowledgeable on this topic. *Id.* at 7. Once assigned to OFAC, a FOIA analyst tasked searches to six divisions that were reasonably likely to have responsive records. *Id.* at 11.

After these divisions were tasked with searching for responsive records, internal discussions within OFAC followed. *Id.* at 12. Specifically, a representative from OFAC's Regulatory Affairs Division notified the Information Disclosure and Records

---

[1] In evaluating a motion to dismiss under Federal Rule of Civil Procedure, courts may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C.Cir. 1997). "Documents that are referenced in, or are an integral part of, the complaint are deemed not 'outside the pleadings' " for purposes of a motion to dismiss for failure to state a claim. *Norris v. Salazar*, 885 F.Supp.2d 402, 407 n. 9 (D.D.C. 2012).

[2] An agency's declarations are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents. *Cunningham v. DOJ,* -- F. Supp. 2d --, 2013 WL 4446795 (D.D.C. Aug. 21, 2013). An affiant who is in charge of coordinating an agency's document search efforts in response to a plaintiff's FOIA request is the most appropriate person to provide a comprehensive affidavit in FOIA litigation. *Id.* Once an agency has provided adequate affidavits, the burden shifts back to the plaintiff to demonstrate a lack of a good faith search. *See, e.g., Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir.1993).

Division that OFAC would not have documents responsive to the request. *Id.* OFAC's Information Disclosure and Records Division engaged in further consultations with a senior sanctions investigator specializing in Iran sanctions. *Id.* In consultation with this expert, it was determined that OFAC does not maintain the records requested by Plaintiff in its FOIA request. *Id.*

In an effort to see if the requester sought other types of documents, OFAC attempted to contact Plaintiff on several occasions. *Id.* at 13. Specifically, Mr. Fields attempted to speak with the requester via phone and email at least four times. *Id; see also* Attachment D to Exhibit 1. In response to OFAC's attempts at further clarification, Plaintiff simply responded that the request was clear on its face and no clarification was needed. *See* Exhibit 1 at 13(e).

Thus, after several consultations within OFAC, the tasking of multiple divisions, and repeated attempts to contact the requester for further guidance, the Treasury Department communicated the results of its findings to Plaintiff via letter. *See* Attachment C to Exhibit 1. This letter made clear that Treasury had completed its response to Plaintiff's FOIA request and was "unable to locate or identify any responsive records."

Because the Treasury Department completed its response and because it has not withheld any documents, Plaintiff's claim seeking an order instructing the Defendant to "conduct expedited searches [and] expeditiously produce . . . any and all non-exempt records" is moot. As such, this Court lacks subject-matter jurisdiction to hear the claim with respect to Defendant Treasury Department and it should be dismissed. Fed. R. Civ. Pro. 12(b)(1).

## **CONCLUSION**

For the reasons stated above, Defendant Treasury Department respectfully requests this Court to find Plaintiff's claim moot. Further, Defendant requests this Court to dismiss the claim for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1).

Dated this 15th day of November, 2013.

        Respectfully submitted,

        A. LEE BENTLEY, III
        Acting United States Attorney

        */s/ Jason P. Mehta*
        JASON P. MEHTA
        Assistant United States Attorney
        Trial Counsel
        USA # 0000142
        300 North Hogan Street, Suite 700
        Jacksonville, FL 32202-4270
        Telephone No. (904) 301-6244/6300
        Facsimile No. (904) 301-6310
        Jason.Mehta@usdoj.gov
        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15, 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s):

>Larry Klayman, Esq.
>Freedom Watch
>2775 NW 49th Avenue, Suite 205-345
>Ocala, FL  34482

>*/s/ Jason P. Mehta*
>JASON P. MEHTA
>Assistant United States Attorney