IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FREEDOM WATCH, INC.

   Plaintiff,

v.

U.S. Department of State, et. al.,   Civil Action No. 5:13-cv-00419-ACC-PRL

   Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

  Regrettably, Plaintiff Freedom Watch has had to file suit to force Defendants Department of State and the Department of the Treasury into complying with the Freedom of Information Act ("FOIA") 5 U.S.C. § 552.  Defendants have moved to dismiss the Complaint by falsely alleging that venue is improper within this judicial district.

**INTRODUCTION**

  The United States is currently involved in a standoff with the Islamic Republic of Iran ("Iran").  Iran is unquestionably attempting to obtain weapons of mass destruction, including but not limited to nuclear weapons, in order to carry out its widely known goal of eradicating Israel and its ally, the United States.  Instead of ordering physical attacks on Iran, President Obama has insisted that diplomacy, in the form of economic sanctions, be implemented as a means of "punishing" Iran for its nuclear ambitions.  Much to the surprise of Plaintiff Freedom Watch, as well as numerous Americans across the country, the United States has been granting companies and countries waivers or exceptions to the economic sanctions that are widely purported to be to

1

ultimately save us from Iran's nuclear ambitions. President Obama has delegated this task to Secretary of State Hillary Clinton, yet little is known about how waivers are granted and who has received them.

Plaintiff Freedom Watch, in a lawful attempt to disseminate vital information to the American people, filed a Freedom of Information Act "FOIA" request pursuant to 5 U.S.C. § 552 *et. seq* in order to obtain all documents related to the waivers granted by the federal government Defendants relating to the sanctions that have been imposed against Iran. In passing FOIA, Congress provided wide protections to ensure that the American people could access the proper information necessary to know the operation of a democracy. By unlawfully withholding documents, and disingenuously arguing that this lawsuit is not proper, Defendants are specifically going against the intention of Congress. Because of Defendants failure to turn over documents, judicial intervention became necessary.

## FACTS

On or about May 21, 2013, Plaintiff sent a FOIA request, via facsimile and U.S. mail, to Defendants seeking records that referred or related in any way to decisions to grant waivers to countries dealing with the Islamic Republic of Iran, as set forth in the Complaint and below. Specifically, Plaintiff sought:

"all correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape or digital recordings, video/movie recordings, notes, examinations, opinions, folders, files, books, manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and other documents and things that refer or relate to the following in any way, within ten (10) business days:

1. Any and all documents that refer or relate in any way to the final decisions to grant waivers to all countries and other interests doing business with the Islamic Republic

of Iran pursuant to the Comprehensive Iran Sanctions, Accountability, and Divestment Act, 22 U.S.C. § 8501 et. seq. or Executive Order 13553."

Complaint ¶4. To date, Plaintiff has not received a single document, nor have the defendants indicated when responsive documents will be turned over to Plaintiff.

Instead of complying with the clear requirements of FOIA law, on November 27, 2013 Defendants filed their Motion to Dismiss this action falsely claiming that venue is not proper within this judicial district. Despite the fact that Plaintiff Freedom Watch is licensed to conduct business within Florida, and has its principal place of business located in Ocala, Florida, the Defendants nonetheless attempt to delay the release of these documents and instead waste the valuable resources of this Court.

## ARGUMENT

### A. PLAINTIFF'S PRINCIPLE PLACE OF BUSINESS IS IN OCALA, FLORIDA AND, THUS, VENUE IS PROPER IN THIS COURT

The central purpose of FOIA is to "open[] up the workings of government to public scrutiny" through the disclosure of government records. *Stern v. FBI*, 737 F.2d 84 (D.C. Cir. 1984) *citing McGehee v. CIA*, 225 U.S. App. D.C. 205, 697 F.2d 1095, 1108 (D.C. Cir. 1983). Congress passed this legislation in the belief that "an informed electorate is vital to the proper operation of a democracy." *Id*. Plaintiff seeks to be informed about the actions of the federal government, in a specific attempt to inform the public about how and why the federal government is granting waivers to the sanctions placed on the Islamic Republic of Iran when these specific sanctions are allegedly in place to protect the United States from Iran's nuclear ambitions.

Under the applicable venue statute, 28 U.S.C. §1391(e), a civil action against an officer or employee of the United States may be brought in any district in which the plaintiff resides.

Where the Plaintiff is a corporation, "resides" means "the judicial district in which [the corporation] maintains its principle place of business." 28 U.S.C. § 1391(C)(2).

Similarly, the FOIA's venue provision states that venue is proper in " . . . the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia . . ." 5 U.S.C. § 552(a)(4)(B).

Plaintiff Freedom Watch is organized as a non-profit organization dedication to promoting and protecting the public interest in matters of public concerns. To this end, Plaintiff has its principal place of business located in Ocala, Florida. Complaint ¶2. As explicitly indicated in the Complaint, and on Plaintiff's website, Freedom Watch's principal place of business and national headquarters is in Ocala, Florida and is located at 2776 NW 49th Avenue, Suite 205-405, Ocala, FL, 34482.

Moreover, on May 30, 2013, the Florida Department of State, Division of Corporation, provided a letter confirming that Plaintiff, Freedom Watch, Inc. is authorized to transact business in Florida as of May 29, 2013. This is evidenced by the May 30, 2013 letter from the Florida Department of State, Division of Corporation, which states, "Your corporation [Freedom Watch, Inc.] is now authorized to transact business in Florida as of the file date [May 29, 2013]." (Attached is a true and correct copy of the May 30, 2013 letter from the Florida Department of State; Exhibit "1").

In sum, Plaintiff is physically located and present in Florida, conducts business in Florida, and has received confirmation from the Florida Department of State authorizing Freedom Watch to transact business in Florida. Not only does Plaintiff Freedom Watch satisfy the residence element of the FOIA's venue provision, but it simultaneously fulfills the principal

place of business element as well. Freedom Watch, now located in Ocala, Florida, decided to stop filing in the District of Columbia and has not filed a single case within the District of Columbia for nearly a year because the federal courts there have become highly politicized and extremely slow in rendering decisions.

As a result, Freedom Watch relocated its principal place of business to Ocala, Florida. This is again evidenced through Plaintiff's website which explicitly lists the location of its national headquarters as: 2776 NW 49th Ave. Suite 205-305, Ocala, FL 34482. (Attached is a true and correct screen shot of Freedom Watch's "Contact Us" Webpage; Exhibit "2")

Further indicative of Plaintiff's significant presence and business in Florida is that fact that the Chairman and General Counsel of Freedom Watch, Mr. Larry Klayman is, in fact, a resident of Florida in this district. He is also responsible for organizing and directing the Citizen Grand Jury Project in Ocala, Florida. Indeed, Mr. Klayman, and thus Freedom Watch, reside in the district in which the Complaint was filed. Mr. Klayman has a mailing address in Ocala, Florida, a driver's license issued by the state of Florida, a Florida Concealed Weapon or Firearm License, and has been a member in good standing of the Florida Bar for nearly thirty-six years. Mr. Klayman also represented Florida in his candidacy for the U.S. Senate in 2004 in his Republican primary. In sum, Florida is Mr. Klayman's home state and Freedom Watch's principle place of business.

Moreover, another related website touts Ocala, Florida as the home of Freedom Watch's citizen grand jury project (www.citizengrandjury.com). The "Citizen Grand Jury" allows Americans, themselves, to enforce the law, when those in office fail to do so. In fact, Plaintiff successfully organized a citizen grand jury in Ocala, Florida, seeking indictments against public officials who broke the law, and the Ocala panel did, in fact, indict public officials there. The

location, organization, planning, and business, all took place in Ocala, Florida, where Plaintiff and the Citizen Grand Jury Project is located.

Defendants incorrectly allege in their motion to dismiss that venue is improper because Plaintiff has not brought this case in the District of Columbia, Plaintiff does not reside in or have its principal place of business in the district in which the Complaint was filed. Defendants' contentions are thus inaccurate and must be rejected.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Defendants' motion to dismiss be denied, and that Plaintiff be allowed to proceed with this litigation.

Dated: December 12, 2013

Respectfully requested,

/s/ *Larry Klayman*
Larry Klayman, Esq.
Florida Bar No. 246220
2775 NW 49th Ave, Suite 205-345
Ocala, FL 34483
 (310) 595-0800
leklayman@gmail.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of December, 2013 a true and correct copy of the foregoing Opposition to Motion to Dismiss (Civil Action No. 5:13-cv-00419-ACC-PRL) filed electronically using CM/ECF to the U.S. District Court for the Middle District of Florida and served upon the following:

Via CM/ECF:

JASON P. MEHTA
Assistant United States Attorney
Trial Counsel
USA # 0000142
300 North Hogan Street, Suite 700
Jacksonville, FL 32202-4270
Telephone No. (904) 301-6244/6300
Facsimile No. (904) 301-6310
Jason.Mehta@usdoj.gov

Attorney for Defendants

                                                Respectfully Submitted,

                                                /s/ *Larry Klayman*
                                                Larry Klayman, Esq.
                                                Florida Bar No. 246220
                                                2775 NW 49th Ave, Suite 205-345
                                                Ocala, FL 34483
                                                (310) 595-0800
                                                leklayman@gmail.com
                                                Attorney for Plaintiff